UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FRANKLIN C. REDFEARN**<br>     **LA. DOC #541684**<br>VS. | **CIVIL ACTION NO. 3:14-cv-0462**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Franklin C. Redfearn, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 27, 2014. Petitioner attacks his 2008 convictions for sexual battery and aggravated incest and the sentences totaling 40 years imposed by the Fourth Judicial District Court, Ouachita Parish in the matter assigned Docket Number 07-F2107 of that Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed a successive *habeas corpus* petition and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings as authorized by 28 U.S.C. §1631.

*Background*

Petitioner was charged with aggravated rape and aggravated incest. On August 15, 2008, he was found guilty of the responsive verdict of sexual battery and guilty as charged of aggravated incest. On November 17, 2008, concurrent sentences totaling 40 years were imposed. His motion for reconsideration of sentence was denied and he appealed his convictions and sentences to the Second Circuit Court of Appeals raising claims of sufficiency of the evidence, excessiveness of sentence, and error in denying a jury challenge. The Court noted on its own a

potential double jeopardy issue and ordered the parties to brief the issue of double jeopardy. On September 23, 2009, the Court of Appeals affirmed the convictions and sentences finding that there was sufficient evidence to support the convictions and that the sentences were not excessive. The Court refused to reach the merits of the jury challenge claim because that claim was deemed abandoned. The Court determined that the petitioner's convictions did not violate the prohibition against double jeopardy. *State of Louisiana v. Franklin C. Redfearn*, 44,709 (La. App. 2 Cir. 9/23/2009), 22 So.3d 1078.

Petitioner timely applied for writs to the Louisiana Supreme Court presumably raising the issues litigated on appeal. On April 9, 2010, the Supreme Court denied writs without comment. *State of Louisiana v. Franklin C. Redfearn*, 2009-2206 (La. 4/9/2010), 31 So.3d 381.

Petitioner did not seek further direct review in the United States Supreme Court; nor did he file for post-conviction relief in the Louisiana Courts. Instead, on April 1, 2011, he filed a petition for *habeas corpus* in this Court raising claims of sufficiency of the evidence, excessiveness of sentence, error in denying the jury challenge, and double jeopardy. He later amended the petition and dismissed his jury challenge claim conceding that the claim was procedurally defaulted. In due course his petition was served upon the respondents who filed an answer and a certified copy of the State court record. On November 7, 2011, the undersigned recommended dismissal of the petition on the merits and on January 24, 2012, this Court adopted the recommendation and entered a judgment dismissing the petition with prejudice; the Court also denied a certificate of appealability. Petitioner did not seek review in the Fifth Circuit Court of Appeals. *See Franklin Redfearn v. Warden Lynn Cooper*, Civil Action No. 3:11-cv-0529 at Doc. 1 (petition), 7 (memorandum order directing service of process), 10 and 11 (answer and copy of the State court record), 12 (report and recommendation) and 16 and 17 (judgment and

order denying COA).

As noted above, petitioner did not seek post-conviction relief in the Louisiana courts prior to filing his *habeas* petition. However on July 13, 2011, after service of process had been ordered, and while this matter was pending in federal court, he filed an application for post-conviction relief in the Fourth Judicial District Court. He did not request stay and abeyance in this Court. In any event, the application was denied by the District Court on July 21, 2011, and thereafter by the Second Circuit Court of Appeals and ultimately by the Louisiana Supreme Court on March 8, 2013. See 3:11-cv-0529 at Doc. 10, pp. 9-10; see also *State of Louisiana ex rel. Franklin Redfearn v. State of Louisiana*, 2012-2258 (La. 3/8/2013), 109 So.3d 359.

Petitioner filed the instant petition on February 27, 2014. He attacks the same conviction and sentence he attacked in Civil Action No. 3:11-cv-0529, this time raising the following claims for relief: (1) petitioner was denied due process and procedural fairness where a State's witness shouted while under oath a cautioning by the State's attorney; (2) petitioner was denied a fair trial where 3 jurors had been sexually abused when they were children; (3) petitioner was denied a fair trial when the forensic expert, Jessica Bryant, testified to factual evidence; (4) petitioner was denied effective assistance of counsel when trial counsel failed to properly investigate and prepare a defense. See 3:14-cv-0462 at Doc. 1, ¶5.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the second petition for *habeas corpus* filed by this petitioner. It attacks the same convictions and sentences which were the subject of his prior petition.

"[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's claims were either raised in his first petition or could have been; his first petition was dismissed with prejudice on the merits. Therefore, this petition is successive.

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

4

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, April 4, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**